LUISA DE LA HABA ET AL., Plaintiffs and Appellees, *v.* GAY & Co., *S. en C.,* Defendant and Appellant.

No. 7819. Argued May 19, 1939.—Decided May 25, 1939.

*F. González Fagundo* for appellant. *Gabriel de la Haba* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The party plaintiff, who was the one who obtained favorable judgment in this case, filed in the district court a memorandum of costs adding to $779, of which $29 were claimed as costs and disbursements and $750 for attorney's fees.

The losing party challenged it because it was filed on February 16, 1938, without legal authority. The party argued that there was no statute authorizing such memorandum of costs after a suit had been appealed to the Supreme Court, inasmuch as the statute in effect was Act No. 69 of 1936 ((1) Sess. Laws, page 352) which required the filing of said memorandum within ten days after the judgment was notified. And, in case the contrary should be decided, he alleged that the amount claimed was excessive.

The court heard both parties and definitely approved the memorandum reducing the attorney's fees to $500. It is from that order that the defendant appealed.

In its brief appellant does not insist upon its first argument, acknowledging the authority of the decision of this court in the case of *Henry Mason* v. *White Star Bus Line, Inc.*, 53 P.R.R. ____, where it was held that "the cited Sections"—327 and 339 of the Code of Civil Procedure—"as amended by Act No. 69 of 1936 have no retroactive effect and consequently are not applicable to litigations like the present one, in which prior to the existence of said legal precepts there have been made an award of costs under a prior act." It merely holds that the attorney's fees are excessive. It cites the case of *Bertrán et al.* v. *Carrasquillo et al.*, 29 P.R.R. 520.

The party plaintiff maintains that an examination of the record of the original case appealed to this Supreme Court, in the light of the doctrines enunciated in the very case cited, is sufficient to dismiss the appeal. And that is correct, in our opinion.

The case in which the memorandum was filed dealt with the rescission of a contract. It was appealed to this court and decided on February 2, 1938. The opinion appears in volume 52 of the Puerto Rico Reports, pages____. Having studied it, we are convinced that the plaintiffs are correct when they maintain that it involved difficult questions of law

that required careful study by the attorney. By virtue thereof, although the amount involved—$2,000 according to the appellant and $3,500 according to the appellee—is not very large, we do not think that it can be stated that the district court abused its discretion when it fixed the attorney's fees in $500.

Said amount is $100 smaller than the one fixed in *Bertrán et al.* v. *Carrasquillo et al.,* supra, and if it is true that he amount involved in that case—$9,000—was larger than in the one at bar, it is also true that this one was longer, more complicated and more difficult than that one.

The appeal must be dismissed and the order appealed from, rendered by the District Court of Humacao on June 24, 1938, must be affirmed.